UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No.  05 CR 727 |
| | ) | Judge Amy J. St. Eve |
| JOHN A. BOULTBEE, | ) | |
| PETER Y. ATKINSON, and | ) | |
| MARK S. KIPNIS | ) | |

**AGREED MOTION TO MODIFY PRELIMINARY ORDER OF FORFEITURE**

The United States of America, through PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, moves for entry of an amended preliminary order of forfeiture. Defendants agree to the amended order. In support of the motion, the government submits:

1.      On January 10, 2007, a superseding information was filed charging defendants Conrad M. Black, John A. Boultbee, Peter Y. Atkinson, and Mark S. Kipnis with mail fraud and wire fraud, in violation of 18 U.S.C. §§ 1341 and 1343 (Counts One through Seven), among other violations. The superseding information sought forfeiture to the United States of specific property pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) (Forfeiture Allegation One).

2.      Beginning on March 14, 2007, a jury trial was held before this Court. On July 13, 2007, the jury returned a verdict of guilty against defendants Black, Boultbee, Atkinson, and Kipnis as to certain counts of the superseding information, including Counts One, Six, and Seven, thereby making some of the property named in the superseding information subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

3.      Defendants waived their rights to have the forfeiture allegations in the superseding information considered by the jury.  It was agreed instead that this Court would consider matters relating to forfeiture. On December 10, 2007, after considering submissions by the parties, this Court

entered a Memorandum Opinion and Order imposing a forfeiture judgment in which defendants Black, Boultbee, Atkinson, and Kipnis were held jointly and severally liable *in personam* for a money judgment in an amount of $5.5 million representing the proceeds of the APC transaction. In addition, having dismissed Count Seven as to defendant Kipnis, this Court ordered that defendants Black, Boultbee, and Atkinson be held jointly and severally liable for an *in personam* money judgment in the amount of $600,000 representing the proceeds from the Supplemental Payments.

4. On January 31, 2008, this Court entered a Preliminary Order of Forfeiture holding defendants Black, Boultbee, Atkinson, and Kipnis jointly and severally liable for an *in personam* money judgment in the amount of $5.5 million representing the proceeds of the APC transaction. In addition, defendants Black, Boultbee, and Atkinson were held jointly and severally liable for an *in personam* money judgment in the amount of $600,000 representing the proceeds from the Supplemental Payments.

5. The Preliminary Order of Forfeiture further held that defendants Black, Atkinson, and Boultbee were liable for co-defendant David Radler's share in proportion to their respective shares of the APC/Supplemental Payments, namely $2,897,500. Specifically, defendants Atkinson and Boultbee were each responsible for $137,921 (4.76%) of the remaining fraud proceeds, and defendant Black was responsible for the remaining $2,621,658 ($90.48%) in fraud proceeds.

6. In collecting the *in personam* money judgments against the defendants, this Court ordered the government in the first instance to attempt to collect from each defendant the fraud proceeds that he personally received. The total amount defendant Black received via the APC agreement was $2,612,500, and as a Supplemental Payment was $285,000. Defendants Atkinson and

Boultbee each received $137,500 via the APC agreement, and $15,000 as a Supplemental Payment.

7. On November 17, 2005, this Court entered an Order to Preserve Certain Property Subject to Forfeiture. Specifically, seized funds in the amount of $8,558,035 were maintained by the United States Marshals Service. Defendant Black's forfeiture liability was immediately satisfied from these seized funds in the amount of $5,519,158. Additional funds in the amount of $580,842 were held as substitute assets available to satisfy the outstanding forfeiture judgment in the event defendant Boultbee[1] or defendant Atkinson failed to satisfy his forfeiture liability. The government has released all remaining seized funds to defendant Black.

8. Following proceedings in this case at the United States Supreme Court and the Seventh Circuit Court of Appeals, the government moved to dismiss Counts One and Six as to defendants Boultbee, Atkinson, and Kipnis. This Court granted the government's motion as to defendant Kipnis on or about January 13, 2011, and as to defendants Boultbee and Atkinson on February 3, 2011. The parties agree that in light of the dismissals, the Court should enter amended Judgment & Commitment Orders for defendants Boultbee and Atkinson that include, among other things, an amended Preliminary Order of Forfeiture.[2]

9. The parties agree that the amended Preliminary Order of Forfeiture, as to defendants Boultbee, Atkinson, and Kipnis, should eliminate liability relating to the APC counts, and should preserve defendant Boultbee's and defendant Atkinson's liability relating to the Supplemental

---

[1] Defendant Boultbee has not paid his share of the forfeiture judgment. The government continues to hold $290,421 as a substitute asset.

[2] The government and counsel for defendant Kipnis agree that an amended Judgment & Commitment Order is unnecessary as to defendant Kipnis. Defendant Kipnis should, however, be included in the Amended Preliminary Order of Forfeiture.

Payment count. The process for collecting the *in personam* money judgment against defendants Boultbee and Atkinson should remain the same as in this Court's January 31, 2008 Preliminary Order of Forfeiture (¶¶ 2-4). Thus, in the first instance the government shall attempt to collect from defendants Boultbee and Atkinson the fraud proceeds they personally received ($15,000 each), plus their proportional share of the fraud proceeds personally received by defendant Radler ($285,000). That proportional share, based on defendant Boultbee's and Atkinson's respective shares of the Supplemental Payments, is 4.76% of $285,000, or $13,566. The parties are submitting a proposed Amended Preliminary Order of Forfeiture to the Court, along with this motion.

10. In addition, on or about July 8, 2008, defendant Atkinson paid $290,421 to the government, to satisfy the earlier forfeiture judgment. Once the Court issues the amended Judgment and Commitment Order as to defendant Atkinson, including the January 31, 2008 Preliminary Order of Forfeiture and the Amended Preliminary Order of Forfeiture, the government requests that the Court issue a minute order directing that funds in the amount of $261,855 plus interest (representing the APC portion of defendant Atkinson's previously paid forfeiture liability) be released to defendant Atkinson by the United States Marshal Service.

WHEREFORE, the United States requests that this Court enter an amended Preliminary Order of Forfeiture as to defendants Boultbee, Atkinson, and Kipnis, and attach such Order to the

amended Judgment and Commitment Orders for defendants Boultbee and Atkinson. In addition, the government requests that the Court enter a minute order directing that funds in the amount of $261,855 plus interest be released to defendant Atkinson by the United States Marshal Service.

Dated: March 10, 2011          Respectfully submitted,

                                               PATRICK J. FITZGERALD
                                               United States Attorney

By:     s/ Julie B. Porter
         JULIE B. PORTER
         Assistant United States Attorney
         219 South Dearborn Street, 5th Floor
         Chicago, Illinois 60604
         (312) 886-1317