# UNITED STATES DISTRICT COURT

Northern _____ District of _____ Illinois

| UNITED STATES OF AMERICA | AMENDED JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | |
| JOHN A. BOULTBEE | Case Number: 05 CR 727-2 |
| | USM Number: NONE |
| **Date of Original Judgment:** 02/10/2011 | Richard A. Greenberg |
| (Or Date of Last Amended Judgment) | Defendant's Attorney |

**Reason for Amendment:**

☐ Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))
☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))
☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))
X Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

☐ Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))
☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))
☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))
☐ Direct Motion to District Court Pursuant ☐ 28 U.S.C. § 2255 or ☐ 18 U.S.C. § 3559(c)(7)
☐ Modification of Restitution Order (18 U.S.C. § 3664)

## THE DEFENDANT:

☐ pleaded guilty to count(s) _____

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

X was found guilty on count(s)  SEVEN of the Redacted Superseding Information
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. §1341* | Mail Fraud | 03/01/2001 | Seven |

The defendant is sentenced as provided in pages 2 __3__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984. Other than the amendments or modifications stated in this judgment, the judgment previously entered shall stand. (See attachments)

X The defendant has been found not guilty on count(s)  5, 8, 9, 10, 11, 12, 15 and 16 of the redacted superseding information

X Count(s) __1 and 6__ ☐ is  X are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

March 24, 2011
Date of Imposition of Judgment

_Signature_
Signature of Judge

Amy J. St. Eve, United States District Court Judge
Name and Title of Judge

3-24-11
Date

ILND AO 245C (Rev. 06/05) Amended Judgment in a Criminal Case
Sheet 2 — Imprisonment
Case: 1:05-cr-00727 Document #: 1182 Filed: 03/24/11 Page 2 of 17 PageID #:11302
(NOTE: Identify Changes with Asterisks (*))

Judgment — Page   2   of   3  

DEFENDANT: JOHN A. BOULTBEE
CASE NUMBER: 05 CR 727-2

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term

*Time served. The Court considers the 329 days that the defendant served in BOP custody as time served and the defendant is not to serve any additional time.

☐ The court makes the following recommendations to the Bureau of Prisons:

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. on _____ .

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

_____

Defendant delivered on _____ to _____

a _____ with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

IL.ND Case: 1:05-cr-00727 Document #: 1182 Filed: 03/24/11 Page 3 of 17 PageID #:11303
AO 245C    Sheet 5 — Criminal Monetary Penalties    (NOTE: Identify Changes with Asterisks (*))

Judgment — Page __3__ of __3__

DEFENDANT: JOHN A BOULTBEE
CASE NUMBER: 05 CR 727-2

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments on Sheet 6.

|        | **Assessment** | **Fine**   | **Restitution** |
|--------|----------------|------------|-----------------|
| TOTALS | $ 100.00       | $ 500.00   | $ 15,000.00     |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| *Tom Kram<br>Chicago Newspaper<br>Liquidation Corp.<br>c/o O'Melveny & Meyers<br>Attn: Abby F. Rudzin<br>Times Square Tower<br>7 Times Square<br>New York, NY 10036 | | $15,000.00 | |
| **TOTALS** | $ _____ | $ __15,000.00__ | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

X The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

  X the interest requirement is waived for   ☐ fine   X restitution.

  ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

&AO 245C (Rev. 06/05) Amended Judgment in a Criminal Case (NOTE: Identify Changes with Asterisks (*))
Sheet 1
Case: 1:05-cr-00727 Document #: 1182 Filed: 03/24/11 Page 4 of 17 PageID #:11304

# UNITED STATES DISTRICT COURT
## District of _____

| | |
|---|---|
| UNITED STATES OF AMERICA<br>V.<br>JOHN A. BOULTBEE | **AMENDED JUDGMENT IN A CRIMINAL CASE**<br>Case Number: 05 CR 727-2<br>USM Number: NONE<br>Richard A. Greenberg<br>Defendant's Attorney |

**Date of Original Judgment:** 12/10/2007
(Or Date of Last Amended Judgment)

**Reason for Amendment:**

X Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))

☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))

☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))

☐ Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

☐ Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))

☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))

☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))

☐ Direct Motion to District Court Pursuant ☐ 28 U.S.C. § 2255 or ☐ 18 U.S.C. § 3559(c)(7)

☐ Modification of Restitution Order (18 U.S.C. § 3664)

**THE DEFENDANT:**

☐ pleaded guilty to count(s) _____

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

X was found guilty on count(s)  *SEVEN of the Redacted Superseding Information
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| 18 U.S.C. §1341 & 1346 | Mail Fraud | 03/01/2001 | SEVEN |

The defendant is sentenced as provided in pages 2 ____6____ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

X The defendant has been found not guilty on count(s)  5, 8, 9, 10, 11, 12, 15 and 16 of the redacted superseding information

x Count(s)  *1 and 6  ☐ is  x are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

February 10, 2011
Date of Imposition of Judgment

*(signature)*
Signature of Judge

Amy J. St. Eve, United States District Court Judge
Name and Title of Judge

03/14/2011
Date

AO 245C (Rev. 06/05) Amended Judgment in a Criminal Case
Sheet 2 — Imprisonment

(NOTE: Identify Changes with Asterisks (*))

Judgment — Page 2 of 6

DEFENDANT: JOHN A. BOULTBEE
CASE NUMBER: 05 CR 727-2

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term

*27 months on Count Seven of the redacted Superseding Information. *The court considers defendant's time served.

☐ The court makes the following recommendations to the Bureau of Prisons:

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:
    ☐ at _____ ☐ a.m. ☐ p.m. on _____ .
    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
    ☐ before 2 p.m. on _____ .
    ☐ as notified by the United States Marshal.
    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____
_____
_____

Defendant delivered on _____ to _____

a _____ with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245C (Rev. 06/05) Amended Judgment in a Criminal Case
Sheet 3 — Supervised Release
Case: 1:05-cr-00727 Document #: 1182 Filed: 03/24/11 Page 6 of 17 PageID #:11306
(NOTE: Identify Changes with Asterisks (*))
Judgment—Page 3 of 6

DEFENDANT: JOHN A. BOULTBEE
CASE NUMBER: 05 CR 727-2

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of
*THREE YEARS on Count Seven of the redacted superseding information.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- ☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)
- ☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record, personal history, or characteristics and shall permit the probation officer to make such notifications and confirm the

DEFENDANT: JOHN A. BOULTBEE
CASE NUMBER: 05 CR 727-2

## ADDITIONAL SUPERVISED RELEASE TERMS

The defendant shall submit to an alcohol evaluation, and follow all treatment recommendations.

Upon release from imprisonment, any remaining balance on the monetary penalties shall become a condition of supervised release, and shall be payable in equal monthly increments of 10% of the defendant's net monthly income.

AO 245C Case: 1:05-cr-00727 Document #: 1182 Filed: 03/24/11 Page 8 of 17 PageID #:11308
Sheet 5 — Criminal Monetary Penalties
(NOTE: Identify Changes with Asterisks (*))

Judgment — Page 5 of 6

DEFENDANT: JOHN A. BOULTBEE
CASE NUMBER: 05 CR 727-2

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ *100.00 | $ 500.00 | $ *15,000.00 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| James McDonough, Esq.<br>Sun-Times Media Group<br>350 North Orleans - 10-S<br>Chicago, IL 60654 |  | *$15,000.00 |  |
| **TOTALS** | $ _____ | $ *$15,000.00 |  |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

☐ the interest requirement is waived for   ☐ fine   ☐ restitution.

☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245C (Rev. 06/05) Amended Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

(NOTE: Identify Changes with Asterisks (*))

Judgment — Page  6  of  6

DEFENDANT: JOHN A. BOULTBEE
CASE NUMBER: 05 CR 727-2

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A  X  Lump sum payment of $ *15,600.00  due immediately, balance due

  ☐ not later than _____ , or
  ☐ in accordance with  ☐ C,  ☐ D,  ☐ E, or  ☐ F below; or

B  ☐  Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☐ F below); or

C  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E  ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  ☐  Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

  Defendant and Co-Defendant Names and Case Numbers (including defendant number), Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

X The defendant shall forfeit the defendant's interest in the following property to the United States:
*See attached Amended Preliminary Order of Forfeiture.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 05 CR 727 |
| ) | Judge Amy J. St. Eve |
| JOHN A. BOULTBEE, ) | |
| PETER Y. ATKINSON, and ) | |
| MARK S. KIPNIS ) | |

**AMENDED PRELIMINARY ORDER OF FORFEITURE**

This cause comes before the Court on the parties' agreed motion for entry of an Amended Preliminary Order of Forfeiture pursuant to the provisions of Title 18, United States Code, Section 981(a)(1)(C), Title 28, United States Code, Section 2461(c), and Fed. R. Crim. P. 32.2. Having considered the motion, the Court enters the following Order:

1. With respect to defendants Boultbee and Atkinson, the provisions of this Court's January 31, 2008 Preliminary Order of Forfeiture remain in place with respect to the *in personam* money judgment in the amount of $600,000 representing the proceeds from the Supplemental Payments. That is, defendants Boultbee and Atkinson remain jointly and severally liable for an *in personam* money judgment in the amount of $600,000 representing the proceeds from the Supplemental Payments. Defendants Boultbee, Atkinson, and Kipnis are no longer jointly and severally liable *in personam* for a money judgment in the amount of $5.5 million representing the proceeds paid via the APC agreements.

2. The process for collecting the *in personam* money judgment against defendants Boultbee and Atkinson remains the same as in this Court's January 31, 2008 Preliminary Order of Forfeiture (¶¶ 2-4). Thus, in the first instance the government shall attempt to collect from defendants Boultbee and Atkinson the fraud proceeds they personally received ($15,000 each), plus

their proportional share of the fraud proceeds personally received by defendant Radler ($285,000). That proportional share, based on defendant Boultbee and Atkinson's respective shares of the Supplemental Payments, is 4.76% of $285,000, or $13,566.

3. In or about July 2008, the government collected $290,421 from defendant Atkinson, to satisfy the January 31, 2008 Preliminary Order of Forfeiture. Defendant Atkinson has therefore already paid his share of the *in personam* money judgment ($15,000 for the payment that he received, plus $13,566 as his proportional share of the remaining funds at issue). The Court will issue a separate minute order directing that funds in the amount of $261,855 plus interest be released to defendant Atkinson by the United States Marshal Service.

4. This Court shall retain jurisdiction in this matter to take additional action and enter further orders to implement and enforce this Amended Preliminary Order of Forfeiture.

IT IS SO ORDERED.

3-14-11

AMY J. ST. EVE
United States District Court
Northern District of Illinois

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | No. 05 CR 727 |
| CONRAD M. BLACK, ) | |
| JOHN A. BOULTBEE, ) | Judge Amy J. St. Eve |
| PETER Y. ATKINSON, and ) | |
| MARK S. KIPNIS ) | |

## PRELIMINARY ORDER OF FORFEITURE

This cause comes before the Court on motion of the United States for entry of a preliminary order of forfeiture as to specific property pursuant to the provisions of Title 18, United States Code, Section 981(a)(1)(C), Title 28, United States Code, Section 2461(c), and Fed. R. Crim. P. 32.2; and the Court being fully informed hereby finds as follows:

(a) On January 10, 2007, a superseding information was filed charging defendants Conrad M. Black, John A. Boultbee, Peter Y. Atkinson, and Mark S. Kipnis, with mail and wire fraud offenses pursuant to the provisions of 18 U.S.C. §§ 1341 and 1343 (Counts One through Seven), among other violations;

(b) The indictment sought forfeiture to the United States of specific property pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) (Forfeiture Allegation One);

(c) On July 13, 2007, the jury returned a guilty verdict against defendants Black, Boultbee, Atkinson, and Kipnis as to certain counts of the superseding information, including Counts One, Six, and Seven, thereby making the property named in the indictment subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c);

(d) On July 13, 2007, the defendants waived their right to have the forfeiture allegations in the superseding information considered by the jury. It was agreed instead that this Court would

consider matters relating to forfeiture;

(e) On December 10, 2007, after considering evidence and submissions by the parties, this Court entered a Memorandum Opinion and Order imposing a forfeiture judgment in which defendants Black, Boultbee, Atkinson, and Kipnis were held jointly and severally liable *in personam* for a money judgment in an amount of $5.5 million representing the proceeds of the APC transaction. In addition, this Court ordered that defendants Black, Boultbee, and Atkinson be held jointly and severally liable for an *in personam* money judgment in the amount of $600,000 representing the proceeds from the Supplemental Payments;

(f) On November 17, 2005, this Court entered an Order to Preserve Certain Property Subject to Forfeiture, specifically, seized funds in the amount of $8,558,035.00 that were proceeds of defendant Black's sale of his apartment in New York, NY and that are currently maintained by the United States Marshals Service;

(g) On September 20, 2005 co-defendant F. David Radler, entered a voluntary plea of guilty to count one of the indictment returned on August 18, 2005 charging him with violations of 18 U.S.C. §§ 1341 and 1346. The government has not sought a forfeiture judgment against defendant Radler for his share of the APC/Supplemental Payments, namely, $2,897,500;

(h) The United States has sought, pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), a preliminary order of forfeiture holding defendants Black, Boultbee, Atkinson, and Kipnis jointly and severally liable for an *in personam* money judgment in the amount of $5.5 million as to the APC transaction, and defendants Black, Boultbee, and Atkinson be held jointly and severally liable for an *in personam* money judgment in the amount of $600,000 as to the Supplemental Payments.

2

Accordingly, it is hereby ORDERED, ADJUDGED AND DECREED:

1. That, pursuant to the provisions of Title 18, United States Code, Section 981(a)(1)(C), Title 28, United States Code, Section 2461(c), and Fed. R. Crim. P. 32.2, a judgment is entered against defendants Black, Boultbee, Atkinson, and Kipnis holding them jointly and severally liable *in personam* for a money judgment in the amount of $5.5 million representing the proceeds of the APC transaction. In addition, defendants Black, Boultbee, and Atkinson are jointly and severally liable for an *in personam* money judgment in the amount of $600,000 representing the proceeds from the Supplemental Payments. It is further ordered,

2. In collecting the *in personam* money judgments against the defendants, the government shall in the first instance attempt to collect from each defendant the fraud proceeds that he personally received. The total amount defendant Black received from APC is $2,612,500 and $285,000 from Supplemental Payments. Defendants Atkinson and Boultbee each received $137,500 from APC and $15,000 from Supplemental Payments. Defendant Kipnis did not receive any money from the APC or Supplemental non-compete payments. It is further ordered,

3. That, with regard to the remaining $2,897,500 from the APC and Supplemental Payments, the government shall collect that amount from defendants Black, Atkinson, Boultbee and Kipnis in proportion to their respective shares of the non-competes. Specifically, Atkinson and Boultbee shall each be responsible for $137,921 (4.76%) of the remaining fraud proceeds. Defendant Black shall be responsible for the remaining $2,621,658 (90.48%) in fraud proceeds. Defendant Kipnis did not receive any money from the APC or Supplemental non-compete payments. It is further ordered,

4. That, should any amount of the forfeiture judgment remain outstanding, the government

3

may seek to satisfy the money judgments through the substitution of assets, if necessary, from defendants Black, Boultbee and Atkinson up to the full forfeiture amount of $6.1 million, and from defendant Kipnis up to the $5.5 million from the APC non-compete payments. If any of the funds in the amount of the forfeiture judgement, in the amount of $6,100,000.00, as result of any act or omission on the part of the defendants:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the Court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be subdivided without difficulty;

the United States shall request that this Court order the forfeiture of any other property belonging to defendants Black, Boultbee, Atkinson, and Kipnis, up to the value of the money judgment, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), and Fed. R. Crim. P. 32.2, in order to satisfy the judgment entered by the Court. It is further ordered,

5. That the government shall collect defendant Black's share of the *in personam* forfeiture judgment from the seized funds in the amount of $8,558,035.00 currently being held by the United States Marshal. Further, the United States Marshal shall maintain an additional $580,842.00 of those seized funds as security until such time as defendants Atkinson and Boultbee satisfy their forfeiture liability in the amount of $290,421.00 each. Upon entry of this order, the government shall release any and all remaining seized funds to defendant Black including interest that has accrued while funds were held by the United States Marshal. It is further ordered,

6. That, pursuant to the provisions of 21 U.S.C. § 853(g), as incorporated by 28 U.S.C.

4

§ 2461(c), the United States Marshals Service shall seize and take custody of funds in the amount of $5,519,158.00, for disposition according to law and seize and take custody of funds in the amount of $580,842.00 until further order of the Court. It is further ordered,

7. Pursuant to the provisions of 21 U.S.C. § 853(n)(1), as incorporated by 28 U.S.C. § 2461(c), upon the entry of this preliminary order of forfeiture, the United States shall publish notice of this order and of its intent to dispose of the property according to law. The United States may also, pursuant to statute, to the extent practicable, provide written notice to any person known to have alleged an interest in the property that is the subject of the preliminary order of forfeiture as a substitute for published notice as to those persons so notified. It is further ordered,

8. Pursuant to the provisions of 21 U.S.C. § 853(n)(2), as incorporated by 28 U.S.C. § 2461(c), any persons other than the defendants, asserting a legal claim in the property which has been ordered forfeit to the United States may, within thirty days of the final publication of notice or this receipt of notice under paragraph fifteen (15), whichever is earlier, may petition this Court for a hearing to adjudicate the validity of this alleged interest in the property. The hearing will be held before the Court alone, without a jury. It is further ordered,

9. Following the Court's disposition of all third parties interests, the government shall request that the Court, if appropriate, enter a final order of forfeiture as to the property that is the subject of this preliminary order of forfeiture, which shall vest clear title in the United States of America. In addition, the funds subject to forfeiture shall be held in an interest-bearing account until resolution of the direct appeal. It is further ordered,

10. The terms and conditions of this preliminary order of forfeiture will be made part of the sentence imposed against defendants Black, Boultbee, Atkinson, and Kipnis and included in any

5

judgment and commitment order entered in this case against them. It is further ordered,

11. That, this court shall retain jurisdiction in this matter to take additional action and enter further orders to implement and enforce this forfeiture order.

IT IS SO ORDERED.

_____
AMY J. ST. EVE
United States District Court Judge
Northern District of Illinois